Hon. Richard A. Brown Counsel to the Governor
You ask whether the Governor may appoint to the Office of Business Permits created by Chapter 770 of the Laws of 1978 (new Article 39 of the Executive Law, §§ 875 to 893, inclusive) a director currently employed by a business coporation doing business in this State who intends to take a leave from his current executive position, but will continue to be paid his current salary. You indicate that the State would pay his expenses and a nominal salary, if necessary; and that his employer has also agreed that it would do no business with the director for so long as his appointment should last.
Public Officers Law, § 73, subdivision 5, provides in relevant part that:
 "No officer or employee of a state agency * * * shall * * * accept * * * any gift having a value of twenty-five dollars or more * * * under circumstances in which it could reasonably be inferred that the gift * * * could reasonably be expected to influence him, in the performance of his official duties * * *."
It is my opinion that if the employer in question does not engage in a business which requires permits from the State of any kind or character which is within the purview of the Office of Business Permits, it would not be reasonably inferred that the payments to the director by such employer could reasonably be expected to influence him in the performance of his official duties; conversely, however, if the business of such employer does require any of such permits from the State, such an inference would not be unreasonable, and the continued compensation of the director by a private employer under these circumstances might be construed as a factor influencing his judgment as a public official, giving rise to a violation of Public Officers Law, § 73, subdivision 5.
Moreover, Public Officers Law, § 74, provides in relevant part:
 "2. Rule with respect to conflicts of interest. No officer or employee of a state agency * * * should have any interest, financial or otherwise, direct or indirect * * * which is in substantial conflict with the proper discharge of his duties in the public interest."
Especially since the statutory rule on conflicts of interest cited above turns on "substantial" conflict, it is my further opinion that the proposed arrangement would not give rise to a conflict of interest proscribed by such rule if the private employer does no business with the director or with the Office of Business Permits during his tenure as director.
Public Officers Law, § 74, subdivision 3, further provides the standards of the Code of Ethics governing conduct of his office by a public employee. For example, it is provided by this section:
 "f. An officer or employee of a state agency * * * should not by his conduct give reasonable basis for the impression that any person can improperly influence him or unduly enjoy his favor in the performance of his official duties, or that he is affected by the kinship, rank, position or influence of any party or person.
* * *
 "h. An officer or employee of a state agency * * * should endeavor to pursue a course of conduct which will not raise suspicion among the public that he is likely to be engaged in acts that are in violation of his trust." (Emphasis supplied.)
It is my opinion that whether the proposed arrangement will violate the standards of the Code of Ethics will depend on whether the director, by his conduct, provides cause for a reasonable inference that he may be so improperly influenced or may otherwise be acting in violation of his trust, and cannot be determined in vacuo.
Opinions issued by the New York City Board of Ethics (Nos. 388, 400, 400-A, 475) indicate that unpaid advisors and temporary technicians assigned to serve as members of City budgetary and departmental coordination teams may be employed by that City without compensation under specified restrictions which are designed to prevent conflicts of interest between their private associations and their City duties. Such opinions may be consulted with profit, although different statutory provisions apply (see, New York City Charter, Chapter 68).
Reference to these opinions of the City Board of Ethics indicates the desirability of incorporating into a written agreement or communication the restrictions to be imposed upon the proposed public officer's or employee's activities.
The foregoing opinion does not address the specific question whether continued acceptance by the proposed director of a salary from his current employer is consistent with the requirement of section 877 of the new law that the director is required "to devote his full time and capacity" to his duties as director, since it is assumed from the statement of facts you have presented that he would perform no services for such employer during the period of his public employment.
Since you have not indicated the nature of the employer's business in the State nor furnished other pertinent specific information, the foregoing opinion can do no more than state the general principles which apply, leaving it to the Governor to determine whether, tested by such standards, the appointment is proper. Moreover, as cautioned in the foregoing opinion, after the appointment is made it will be necessary to monitor the particular facts and circumstances to ensure that no conflict or potential conflict arises during the director's tenure.